Hunt, J.,
delivered the opinion of the court:
The claimant seeks to recover the sum of $20,521.25, as damages which he alleges he has sustained by reason of the refusal of the government to receive and pay for a cargo of coals according to an agreement between himself and the Chief of the Bureau of Yards and Docks of the United States Navy Department.
From the findings of facts in' the case, it appears that an agreement was concluded between the parties on October 1, 1864-for the quantity, quality, and price of the coal, and that the delivery was to be made at the Mare Island navy-yard as speedily as possible — within twenty-five days or twice that length of time.
No such delivery was, however, effected; but a year after the contract was concluded a tender of the quantity contracted for was made by the claimant’s agents, and was declined in behalf of the government. It is evident from the facts of the case that the parties at the time of the contract contemplated the delivery of coal constituting a portion of the cargo of the ship Minnehaha, then at-S.e&-om--herjwayffrom. England to San Francisco; but on the arrival of the vessel at San Francisco, and within the period agreed upon, no tender of the coal was *267 made. Giving full effect to tlie principle of law invoked in the ■claimant’s brief, that contracts are to be construed with a view to the real intention of the parties, it is obvious that in this instance such a construction will not aid the claimant, who failed to perform what was really intended.
The claimant attempted to substitute another contract for that- which had been agreed to between the parties. He ordered a second .cargo of coal to be shipped from England by the ship Juanita. The coal arrived at San Francisco about the 8th October of the following year, and was then tendered and refused, as already stated. But the defendant’s agents had never as-| sented to this substitution. When it was proposed by the claimant that he should be allowed to furnish other coal than that first contracted for, the proposal was not acquiesced in. | The change involved matters of moment. It must have postponed the receipt of the supplies, and, as it here turned out, for nearly a twelvemonth. It would have maintained all this time the high prices of the contract, when prices might decline. To such important modifications, asked under such circumstances, the law does not readily infer that the defendants intended to assent from their mere silence. It was not bent on the agents of the government to speak when these proposed changes were requested. Silence was more compatible with the presumption that they refused to yield to the claimant’s solicitation than that they voluntarily assented to such modifications of their rights under the contract. This conclusion receives additional strength when we take into view the plain and perhaps abrupt language of the letter of Admiral Smith to the claimant as early as 16th February, 1865. On learning that the claimant had written to the commandant at Mare Island, informing him of the arrival of the Minnehaha, and of the disposition of her cargo, and offering to substitute coal from the Juanita’s cargo when it should arrive, Admiral Smith writes the claimant “the bureau does pot now want any of your coal.” i
The other questions of law presented to us in the claimant’s brief we deem sufficiently covered by what has already been said.
Whatever loss the claimant has incurred is in nowise chargeable to the defendants; and it is therefore ordered, adjudged, and decreed that the petition be dismissed.